# EXHIBIT A



E-SERVICE
58284106
Dec 10 2015
05:05PM
File & ServeXpress

IN THE CIRCUIT COURT
FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| IN RE AMERICAN REALTY CAPITAL HEALTHCARE TRUST, INC. SHAREHOLDER AND DERIVATIVE LITIGATION | Case No. 24-C-14-003534<br>Judge W. Michel Pierson |

## PRELIMINARY APPROVAL ORDER

The parties having made application for an Order approving the settlement (the "Settlement") of the above-captioned litigation (the "Maryland State Action") in accordance with a Stipulation and Agreement of Compromise, Settlement, and Release dated August 13, 2015 (the "Stipulation"), which (along with the defined terms in the Stipulation) is incorporated by reference and which, together with the accompanying exhibits, sets forth the terms and conditions for the proposed Settlement of the Actions and for the dismissal with prejudice of the claims asserted by Co-Lead Plaintiffs; the Court having read and considered the Stipulation and the accompanying exhibits; and all parties having consented to the entry of this Order ("Preliminary Approval Order"):

IT IS HEREBY ORDERED, this 10th day of December, 2015, that:

1. The Stipulation is preliminarily approved, subject to further consideration by the Court at the Settlement Hearing described in this Preliminary Approval Order.

2. The Maryland State Action shall be maintained and proceed as a class action without opt out rights, for settlement purposes only, pursuant to Maryland Rules 2-231(a), 2-231(b)(1), and 2-231(b)(2), by Co-Lead Plaintiffs in the Maryland State Action on behalf of the Class, which, as set forth in the Stipulation, consists of any and all record holders and beneficial owners of any shares of HCT common stock who held any such shares at any time during the

period beginning on and including April 7, 2014, through and including January 16, 2015, the date of consummation of the Transaction, including any and all of their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns and transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors in interest, predecessors, successors in interest, successors, and assigns, but excluding Defendants, the immediate family members of the Individual Defendants, entities that any Defendant controls or is under common control with, the respective officers and directors of any one or more of the foregoing entities, and any and all of their respective successors in interest, predecessors, legal representatives, trustees, executors, administrators, heirs, assignees or transferees, immediate and remote, and any Person or entity acting for or on behalf of, or claiming under, any of them, and each of them.

3. A hearing (the "Settlement Hearing") shall be held before the Court at 10:00 a.m. on March 15, 2016, in the Circuit Court for Baltimore City, 111 North Calvert Street, Baltimore, Maryland 21202, for the purposes of (a) determining whether the proposed Settlement of the Maryland State Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate, and in the best interests of the Class and should be approved by the Court; (b) confirming that the Maryland State Action was properly certified as a class action; (c) considering the application of Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses; (d) determining whether the Order and Final Judgment provided for in the Stipulation should be entered, dismissing the claims asserted in the Maryland State Action on the merits with prejudice against the named Co-Lead Plaintiffs in the Maryland State Action and the Class; and (e) ruling on such other matters as the Court may deem appropriate.

2

The Court may adjourn the Settlement Hearing (including consideration of the joint application of Co-Lead Counsel in the Actions for an award of attorneys' fees and reimbursement of expenses) without further notice to the Class other than by announcement at the Settlement Hearing or any adjournment thereof.

4. The Court approves, in form and content, the Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Hearing and Right to Appear (the "Notice") attached as Exhibit C to the Stipulation and finds that the dissemination of documents substantially in the form of the Notice and in substantially the manner set forth in this Preliminary Approval Order will satisfy the requirements of Maryland Rule 2-231 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to such notice.

(a) Within thirty (30) business days from the date of entry of this Preliminary Approval Order, HCT or its successor shall cause the Notice to be disseminated in accordance with the terms of the Stipulation. The costs and expenses of printing, preparing, and disseminating the Notice shall be borne by HCT or its successor in accordance with the terms of the Stipulation of Settlement.

(b) At or before the Settlement Hearing provided for in this Preliminary Approval Order, HCT or its successor shall file proof, by affidavit, of such dissemination.

5. Any member of the Class who objects to the certification of the Class, the Settlement of Co-Lead Plaintiffs' claims in the Actions, the Order and Final Judgment to be entered in the Maryland State Action, or the application of Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses, or otherwise wishes to be heard, may appear personally or by counsel at the Settlement Hearing and present evidence or argument that may be

3

proper and relevant; *provided, however,* that no member of the Class may be heard and no objections, papers, or briefs submitted by or on behalf of any member of the Class shall be received and considered, except by Order of the Court for good cause shown, unless, no later than twenty (20) calendar days prior to the Settlement Hearing, copies of (a) a written notice of intention to appear, identifying the name, address, and telephone number of the objector and, if represented, their counsel, (b) a written, detailed statement of such person's specific objections to any matter before the Court, (c) proof that the objector is a member of the Class, (d) the grounds for such objections and any reasons for such person's desiring to appear and be heard, and (e) all documents and writings such person desires this Court to consider, shall be served electronically or by hand or overnight mail upon the following counsel:

Juan E. Monteverde
James M. Wilson, Jr.
Miles Schreiner
Innessa S. Melamed
Faruqi & Faruqi LLP
369 Lexington Avenue, Tenth Floor
New York, NY 10017
Tel: (212) 983-9330
Fax: (212) 983-9331

*Co-Lead Counsel for Plaintiffs and Counsel for Phil Holzer and Vincent & Anita Romano*

Brian J. Robbins
Stephen J. Oddo
Edward B. Gerard
Justin D. Rieger
Robbins Arroyo LLP
600 B Street, Suite 1900
San Diego, CA 92101
Tel: (619) 525-3990
Fax: (619) 525-3991

*Co-Lead Counsel for Plaintiffs and Counsel for Thomas Uhl*

Scott H. Marder
DUANE MORRIS LLP
111 South Calvert Street, Suite 2000
Baltimore, Maryland 21202
Tel: (410) 949-2941

*Attorneys for Defendants Nicholas S. Schorsch, William M. Kahane, Leslie D. Michelson, Robert H. Burns, P. Sue Perrotty, American Realty Capital Healthcare Trust, Inc., American Realty Capital V, LLC, America Realty Capital Healthcare Advisors, LLC, American Realty Capital Healthcare Trust*

James D. Mathias
David Clarke, Jr.
Benjamin D. Schuman
DLA PIPER LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209
Tel: (410) 580-4208
Fax: (410) 580-3208

*Attorneys for Defendants Ventas, Inc., Stripe Sub, LLC, and Stripe OP, LP*

4

*Operating Partnership, L.P., and American
Realty Capital Healthcare Special Limited
Partnership, LLC*

At the same time, these papers must be filed with the Clerk of the Circuit Court for Baltimore City, 111 North Calvert Street, Baltimore, Maryland 21202. Unless the Court otherwise directs, no member of the Class shall be entitled to object to the Settlement, or to the Order and Final Judgment to be entered, or to the award of attorneys' fees and reimbursement of expenses to Co-Lead Counsel, or otherwise to be heard, except by serving and filing written objections as described above. Any person who fails to object in the manner provided above shall be deemed to have waived such objection and shall forever be barred from making any such objection in the Action or in any other action or proceeding.

6. If the Court approves the Settlement provided for in the Stipulation at or following the Settlement Hearing, an Order and Final Judgment substantially in the form attached as Exhibit D to the Stipulation shall be entered.

7. In the event that: (i) the Court declines, in any material respect (except for a disallowance or modification of the attorneys' fees and/or expenses sought by Co-Lead Counsel) to enter the Order and Final Judgment provided for in the Stipulation and any one of the parties fails to consent to the entry of another form of order; (ii) the Court disapproves the Settlement proposed in the Stipulation, including any amendments to the Settlement agreed upon by all of the parties; or (iii) the Court approves the Settlement proposed in the Stipulation or any amendment to the Settlement approved by all of the parties, but such approval is reversed or substantially modified on appeal (except reversal or modification related only to the attorneys' fees and/or expenses sought by Co-Lead Counsel) and such reversal or modification becomes final by a lapse of time or otherwise; then, in any of such events, the State MOU, the Stipulation,

5

the Settlement proposed in the Stipulation (including any amendments), any qualification of Co-Lead Plaintiffs in the Maryland State Action as the appropriate representative of the Class or of Co-Lead Counsel as Class counsel, and any actions taken or to be taken with respect to the Settlement proposed in the Stipulation and set forth in the Order and Final Judgment shall be of no further force or effect and shall be null and void and of no force and effect. In such event, the parties shall be restored to their respective positions in the Actions, as if the State MOU and this Stipulation never occurred, and neither the existence of the State MOU and the Stipulation nor their contents shall be admissible in evidence or shall be referred to for any purpose in this litigation or in any other litigation or proceeding; provided, however, that nothing herein shall prevent the introduction into evidence of the State MOU or Stipulation in connection with any application by Co-Lead Counsel for an award of fees and expenses. For purposes of this provision, a disallowance or modification by the Court of the fees and/or expenses jointly sought by Co-Lead Counsel shall not be deemed an amendment, modification, or disapproval of the Settlement or the Order and Final Judgment.

8. The Court reserves the right to approve the Stipulation and the Settlement with modifications and without further notice to members of the Class, and retains jurisdiction over the Maryland State Action to consider all further applications arising out of or connected with the proposed Settlement.

9. Pending final determination of whether the Settlement should be approved, Co-Lead Plaintiffs and all members of the Class, and any of them, are hereby barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution, or instigation of any action asserting any Released Claims against any of the Released Persons. In addition, all proceedings in the Maryland State Action, other than such

proceedings as may be necessary to carry out the terms and conditions of the Settlement, remain stayed and suspended until further order of this Court.

10.     Co-Lead Counsel shall file and serve papers in support of final Court approval of the Settlement, which shall include any responses to any objections and request for an award of attorneys' fees and expenses at least thirty (30) business days before the Settlement Hearing. Defendants shall file and serve papers, if any, in support of final Court approval at least fourteen (14) business days before the Settlement Hearing.

> **W. MICHEL PIERSON, Judge**
> Judge's signature appears on original document

Honorable W. Michel Pierson
Circuit Court for Baltimore City